UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SEAWOOD,

                Petitioner,           Case No. 2:17-cv-12367
                                                      Hon. Paul D. Borman

v.

J.A. TERRIS,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Federal prisoner Ronald Seawood ("Petitioner") currently confined at the Federal Correctional Institution in Milan, Michigan, brings this action under 28 U.S.C. § 2241. Petitioner was convicted in 1997 in the United States District Court for the Northern District of Indiana of conspiracy to commit carjacking, 18 U.S.C. § 371, carjacking, 18 U.S.C. § 2119, and use of a firearm in relation to a crime of violence. 18 U.S.C. § 924(c). Petitioner claims that his 327 month sentence was enhanced in violation of *Jones v. United States*, 526 U.S. 227 (1999), after the court–rather than the jury–determined that he caused serious bodily injury during the carjacking. Because Petitioner fails to demonstrate that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, his petition will be denied.

## I. Background

Following his trial and conviction, Petitioner filed a direct appeal challenging the sufficiency of the evidence. The Seventh Circuit affirmed. *United States v. Seawood*, 172 F.3d 986 (7th Cir. April 7, 1999). The case upon which Petitioner's current claim relies, *Jones*, was decided on March 24, 1999, just before the Seventh Circuit decided his appeal.

Petitioner filed a motion to vacate his sentence in the Northern District of Indiana on April 7, 2000, and it was denied on June 14, 2000. *United States v. Seawood*, N.D. Ind. No. 2:96 CR 91, Dkts. 227 and 231.

## II. Discussion

In *Jones*, the Supreme Court held that serious bodily injury is an element of the federal carjacking statute required to be proven and found by the jury beyond a reasonable doubt, and that it was not a mere sentencing enhancement to be determined by the court. 526 U.S. at 239, 242-44. Petitioner contends that his sentence was erroneously enhanced because neither the indictment nor the jury instructions charged him with causing serious bodily injury. As stated, *Jones* was decided shortly before the Seventh Circuit affirmed Petitioner's conviction on direct appeal, and therefore Petitioner is not seeking retroactive application of the rule announced in that case.

Nevertheless, when a federal prisoner wishes to challenge his conviction or the

imposition of his sentence in a post-conviction review proceeding, he ordinarily must do so by filing a motion to vacate his sentence under § 2255 in the court of conviction. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). A federal prisoner may challenge "the legality of his detention" under § 2241 only "if he falls within the 'savings clause' of § 2255," which requires him to show that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of his detention." *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (internal citations omitted). That is, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758.

Where, as here, the target of a § 2241 petition is a sentence enhancement, a three-part test is used to determine whether the petition comes within the savings clause of § 2255(e):

> [T]he petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect.

*Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016).

Petitioner fails to demonstrate entitlement to review under the savings clause of § 2255(e) because he could have raised his *Jones* claim in his initial § 2255 motion. *Jones* was decided on March 24, 1999. Petitioner filed his § 2255 motion about a year later, on April 7, 2000. While Petitioner asserts in his reply brief that his appellate attorney provided ineffective assistance of counsel for failing to raise his *Jones* claim in a supplemental pleading in the Seventh Circuit before his direct appeal was decided, Petitioner has not alleged any reason why he subsequently failed to raise his claim in his § 2255 proceeding. Counsel's alleged ineffectiveness during Petitioner's direct appeal simply does not speak to Petitioner's own failure to raise his claim on post-conviction review. Accordingly, Petitioner has not shown that his remedy under § 2255 was inadequate or ineffective, and he therefore may not proceed in this Court under § 2241. The petition will therefore be denied.

### III. Conclusion

The Court **DENIES** the Petition for a Writ of Habeas Corpus. Finally, the Court notes that a Certificate of Appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2018

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 30, 2018.

s/Deborah Tofil
Case Manager