UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SEAWOOD,

                           Petitioner,                     Case No. 2:17-cv-12367
                                                                        Hon. Paul D. Borman

v.

J.A. TERRIS,

                           Respondent.
_____/

**OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT (ECF #10)**

Federal prisoner Ronald Seawood, ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, brought this action under 28 U.S.C. § 2241. Petitioner was convicted in 1997 in the United States District Court for the Northern District of Indiana of conspiracy to commit carjacking, 18 U.S.C. § 371, carjacking, 18 U.S.C. § 2119, and use of a firearm in relation to a crime of violence, 18 U.S.C. § 924(c). Petitioner claimed in his petition that his 327 month sentence was enhanced in violation of *Jones v. United States*, 526 U.S. 227 (1999). The Court denied the petition because Petitioner failed to demonstrate that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective. (ECF #8.) Presently before the Court is Petitioner's Motion to Alter or Amend a Judgment under Rule 59(e). (ECF #10.)

A motion brought under Rule 59(e) may be properly analyzed as a motion for

reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Rule 7.1(h) requires the movant to demonstrate a palpable defect by which the Court and the parties have been misled and show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Relying on *Martinez v. Ryan*, 566 U.S. 1 (2012), Petitioner argues that his failure to raise his *Jones* claim during his § 2255 proceeding was the fault of his post-conviction review counsel. In *Abdur-Rahiim v. Holland*, No. 15-5297, 2016 U.S. App. LEXIS 13207, at *3 (6th Cir. Jan. 12, 2016), *cert. den'd*, 136 S. Ct. 2040 (2016), however, the Sixth Circuit held that *Martinez* dealt "solely with the procedural default of ineffective-assistance-of-counsel claims in state habeas corpus proceedings; [it has] no bearing whatever on the § 2255(e) savings clause." Petitioner has therefore failed to demonstrate a palpable defect by which the Court was misled. Accordingly, the Motion to Alter or Amend a Judgment is **DENIED**.

**IT IS SO ORDERED**.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2019